UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT PLASTER,

    Petitioner,

v.

    Case No. 2:17-cv-132

    HON. JANET T. NEFF

CONNIE HORTON,

    Respondent.

_____/

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the petition as "procedurally defaulted or meritless." The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Magistrate Judge thoroughly considered Petitioner's five habeas corpus claims in a 28-page Report and Recommendation, finding no issue on which to recommend granting habeas relief. Petitioner presents several common objections in ten enumerated paragraphs, many of which fail to specifically identify the relevant portion of the Report and Recommendation from

which the objection arises and instead cite only a combination of pages and page ranges (Obj., ECF No. 25).[1]

While such organization may be well-intentioned, it makes it difficult for the Court to identify, much less analyze, any specific objections to the respective portions of the Report and Recommendation cited. For example, Petitioner states as follows:

> 3) Petitioner objects, reviewing pg. 11 and 12, of the (R&R), as to the guideline issues, and *Booker* applying the *Blakely* reasoning of the failure to subject the sentencing guidelines to the jury requirement which offends the sixth amendment, and is an unreasonable application for the failure to extend a legal principal to a new context where it should apply. …
>
> 4) Petitioner objects to pg. 13-18 of the (R&R) on the guideline issues being procedurally defaulted, for the same reasons as stated above in paragraph 3. Petitioner further objects as to the reasoning, that the (R&R) attempts to apply the adequate and independent state law ground, and, addressing cause and prejudice under the *Strickland* standard. …
>
> 5) Petitioner objects as the reasoning that the court must, "Evaluate the conduct from counsel's perspective at that time" cannot be fairly done, absent an evidentiary hearing.
>
> * * *
>
> 7) Objections to pg. 19-21 where the District Court states that the argument suffers the same defects as the arguments in the MCOA. …

(*Id.* at PageID.2810-2811). Such objections, and other similarly broad or general objections are not proper objections: an objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which

---

[1] To the extent Petitioner's first objection asserts that the Report and Recommendation "fails to mention, address, or recognize that a Reply was also filed to Respondent[']s Answer in Opposition …" (Obj., ECF No. 25 at PageID.2810), the Magistrate Judge is not required to identify every document considered. In any event, Petitioner's assertion fails to present any specific, substantive objection.

objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).  Petitioner's general statements of disagreement with the Magistrate Judge's conclusions and mere reiterations of arguments already presented—rather than specific objections—do not sufficiently identify Petitioner's issues of contention with the Report and Recommendation and do not provide a proper basis for review by this Court.  *See Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious"); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

The Court addresses the various topics raised as best the Court can discern any objections. The Court finds no objection of merit.

As to Petitioner's sentencing guideline and ineffective assistance of counsel objections, the Magistrate Judge properly determined, consistent with the trial court, that Petitioner's *Alleyne/Lockridge* claim is procedurally barred for failure to raise the issue on his initial appearance, and failure to establish cause for the default and resulting prejudice (R&R, ECF No. 18 at PageID.2776, 2779, 2782).  Petitioner's sole asserted cause for that failure was the ineffective assistance of his appellate counsel (*id.* at PageID.2779).  Given the "doubly" deferential standard under *Strickland* and AEDPA, Petitioner did not demonstrate, and has not demonstrated in his objection, any error in the determination that his counsel's performance was not objectively unreasonable or that his claim otherwise failed (*id.* at PageID.2782; Obj., ECF No. 25 at PageID.2810-2811).

In addition, Petitioner provides no argument, beyond a one-sentence objection, that the evaluation of counsel's conduct, from counsel's perspective at the time, cannot fairly be done without an evidentiary hearing (Obj. "5," ECF No. 25 at PageID.2811).  "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to … put flesh on its bones.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted). Further, Petitioner provides no argument to establish a fundamental miscarriage of justice based on his actual innocence (*see* R&R, ECF No. 18 at PageID.2782).

Regarding Petitioner's objection to the sufficiency of evidence claim, Petitioner asserts that "[t]he (R&R) only looks to 'the evidence supporting the conviction, in [a] light most favorable to the prosecution' without considering the arguments as advanced in infra paragraph 7" (Obj., ECF No. 25 at PageID.2811). It appears Petitioner is reasserting his argument concerning the application of the legal standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (*id.*). Petitioner's objection fails to point to any factual or legal error in the Report and Recommendation or present any argument aside from his disagreement with the outcome. Therefore, the objection is denied.

Further, Petitioner disagrees with the Magistrate Judge's interpretation of the word "involving" with regard to MICH. COMP. LAWS § 750.520b(1)(c) (Obj., ECF No. 25 at PageID.2811). Contrary to Petitioner's mere assertion to the contrary, the Magistrate Judge properly observed that "[i]t is the prerogative of the state to define the elements of the crime and that definition binds the federal courts (R&R, ECF No. 18 at PageID.2784, citing *Johnson v. United States*, 559 U.S. 133, 138 (2010)). Therefore, the objection is denied.

Petitioner objects that he was denied an evidentiary hearing (Obj., ECF No. 25 at PageID.2812). It appears Petitioner is referring to the Magistrate Judge's recommendation to reject Petitioner's ineffective assistance of counsel claim based on the failure to pursue Petitioner's Fourth Amendment claim (*id.*). While Petitioner asserts that "[t]he state court[']s resolution of this matter is clearly unreasonable based on the arguments as presented in all prior proceedings,"

he fails to specifically point to any error in the Magistrate Judge's determination that "counsel's decision to forego the Fourth Amendment challenge urged by Petitioner, a decision explained on the record, is not professionally reasonable" (*id*.; R&R, ECF No. 18 at PageID.2788). Petitioner instead merely restates his factual argument that "[i]f the fax times contained in the [F]ourth [A]mendment violation issues are presented along with other evidence i.e. presentation of Joshua Miller as a witness, [P]etitioner can establish entitlement to relief" (Obj., ECF No. 25 at PageID.2812). Therefore, the objection is denied.

Petitioner objects to the Magistrate Judge's determination that *Cox v. Curtin*, 698 F. Supp. 2d 918, 925-26 (W.D. Mich. 2010), is not established federal law and argues that "[c]ircuit precedent is relevant under AEDPA when it illustrates whether a state court unreasonably applied a general legal standard announced by the Supreme Court" (Obj., ECF No. 25 at PageID.2812, citing *Crater v. Galaza*, 491 F.3d 1119, 1126 n.8 (9th Cir. 2007)). First, the Magistrate Judge properly distinguished the facts in this case from the facts in *Cox* in that "[t]he prosecutor's comments [here] were based entirely on Petitioner's predatory behavior with respect to the victim" (R&R, ECF No. 18 at PageID.2790). Second, the Magistrate Judge recognized that *Cox* is not clearly established federal law (*id.*). Petitioner's assertion based on *Crater* is mistaken in that footnote 8 states, "'[b]ecause these cases are not clearly established law as determined by the United States Supreme Court, they are not controlling precedents under the standard required by AEDPA'" (*Crater*, 491 F.3d at 1126 n.8). Petitioner's argument incorrectly states the opposite (Obj., ECF No. 25 at PageID.2812). Therefore, the objection is denied.

Lastly, Petitioner objects to the recommended denial of a certificate of appealability (*id.* at PageID.2812-2813). Petitioner provides no supporting argument beyond his mere one-sentence disagreement, asserting "he has demonstrated that (1) the issues are debatable among reasonable

jurists; (2) another court could resolve the issues differently; or (3) the questions raised are adequate enough to encourage the petitioner to proceed further" (*see id.*). *See McPherson*, 125 F.3d at 995-96. This objection is denied.

As noted above, the Magistrate Judge thoroughly considered each of Petitioner's habeas claims and found no basis for relief. Petitioner's broadly stated, seriatim objections to entire sections of the Report and Recommendation present no valid challenge to the Magistrate Judge's reasoning or conclusions.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

To the extent the Court has denied Petitioner's habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable as to each issue asserted.

To the extent the Court has rejected Petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack,* 529 U.S. at 484.  Upon review, as recommended by the Magistrate Judge, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's asserted claims debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 25) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 18) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:  September 30, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge